UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| STEVEN C. HUGHES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-cv-1422 |
| | ) |
| MINDI NURSE, *et. al.*, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and presently incarcerated at Dixon Correctional Center, has brought this civil case. Plaintiff has filed a Motion for Leave to File an Amended Complaint (Doc. 7), which the Court grants pursuant to Federal Rule of Civil Procedure 15(a)(1). The Court also grants Plaintiff's Motion (Doc. 15), which requested a response as to whether his amended complaint had been accepted.

The case is now before the Court for a merit review of Plaintiff's claims in his amended complaint. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*.

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff's amended complaint names forty-two defendants. While at times disjointed, Plaintiff appears to be raising claims related to his previous court cases and related fees, a lack of access to the law library during his incarceration at Pontiac Correctional Center and Dixon Correctional Center, and various instances of alleged excessive force against him between 2021 and 2023 at Pontiac and Dixon (some of which Plaintiff alleges were in response to Plaintiff stabbing or otherwise assaulting other correctional officers or individuals). Plaintiff also appears to be concerned that he has not been adequately prosecuted for murders, assaults, death threats he made to the President and Vice President, and other crimes he states he has committed.

Plaintiff could potentially have a claim of excessive force based on one or more of the incidents recounted. *See Hudson v. McMillian*, 503 U.S. 1, 6 (1992). However, Plaintiff has cited various dates where he alleged excessive force was used against him by different correctional officials in different locations. The Court is unable to discern which Defendants Plaintiff may have a claim against given the scattered facts in his complaint. Plaintiff is also cautioned that he may only join defendants in a single action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Plaintiff's belief that there is a conspiracy at the IDOC is not sufficient to show that the incidents were related.

The judges and prosecutors Plaintiff sued are immune from suit. *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011); *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017). Moreover, the Court can find no discernable constitutional claim regarding his allegations that

various of the named defendants, many of whom work the for IDOC, were involved in conspiracies related to his court cases and court fees.

The Court finds that Plaintiff fails to state a claim upon which relief can be granted, and that at least one of the defendants he sued is immune from suit. Plaintiff's complaint is dismissed with leave to renew as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

**Plaintiff's Motion to Request Counsel (Doc. 4) and Motion for Status (Doc. 10)**

Plaintiff has filed a Motion to request counsel (Doc. 4), as well as a supplement to his motion (Doc. 6). He also filed a motion for status on his Motion for Counsel (Doc. 10). His motion for status is granted to the extent that the Court now rules on his motion for counsel. Plaintiff has no constitutional or statutory right to counsel in this case. "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, Plaintiff is not proceeding *in forma pauperis* and has not otherwise demonstrated that he is unable to afford counsel. Accordingly, his motion for counsel is denied.

**Plaintiff's Motion to Change Venue (Doc 9)**

Pursuant to 28 U.S.C. § 1404(a), a court may transfer a case if the moving party shows that it could have been brought in the transferee district and that the transfer will serve the convenience of the parties and the witnesses as well as the interests of justice. Plaintiff's motion does not name a court to which he wishes his case to be transferred. Moreover, Plaintiff does not elaborate on his claims of a conspiracy or otherwise explain why it would be in the interest of justice to transfer the case. His motion is denied.

**Plaintiff's Motion for Investigation (Doc. 13)**

Plaintiff appears to be seeking an order for the United States Department of Justice to investigate his own threats to the United States President and Vice President. The Court does not have the authority to compel the DOJ to conduct such an investigation. Plaintiff's motion is denied.

**Plaintiff's Motions for Injunctions (Docs. 14, 16, 22, 23)**

Plaintiff requests a court order for his immediate transfer. (Docs. 14, 16). He alleges that there has been a breach of security because his legal materials for his pending criminal case in Livingston County have been seized, and because of a conflict of interest. Plaintiff also requests a court order for preservation of video evidence related to alleged confrontations with correctional staff on February 10, 2024 (Doc. 22) and on January 29, 2024 (Doc. 23).

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *accord Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right"). To prevail, "the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted." *Foodcomm Int'l v Barry*, 328 F.3d 300, 303 (7th Cir. 2003) (citations omitted). If the moving party meets the first three requirements, then the district court balances the relative harms that could be caused to either party. *Incredible Tech., Inc. v. Virtual Tech., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005).

The Prisoner Litigation Reform Act (PLRA) limits the scope of the court's authority to enter an injunction in the corrections context. *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir.

2012).  Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."  18 U.S.C. § 3626(a)(2); *see also Westefer*, 682 F.3d at 683 (the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage." (internal quotation marks and citation omitted)). The purpose of a temporary restraining order and ultimately a preliminary injunction is to preserve the status quo pending a final hearing on the merits of the case.  *American Hospital Ass'n v Harris*, 625 F.2d 1328, 1330 (7th Cir. 1980).

The relief Plaintiff seeks here is different.  The Seventh Circuit has described the type of injunction Plaintiff seeks, where an injunction would require an affirmative act by the defendant, as a mandatory preliminary injunction.  *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997).  Mandatory injunctions are "cautiously viewed and sparingly issued," because they require the court to command a defendant to take a particular action.  *Id*. (citing *Jordan v. Wolke*, 593 F.2d 772, 774 (7th Cir. 1978)).

Plaintiff's requests for a transfer and requests for video evidence for events that postdate his complaint are unrelated to any allegations Plaintiff stated in his complaint, and, absent that relationship, the Court lacks authority to grant injunctive relief.  *Pacific Radiation Oncology, LLC v. Queen's Medical Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015).  Moreover, the type of specific relief Plaintiff seeks infringes upon on the wide latitude courts grant prison officials to solve problems within their facilities.  *Rasho v. Jeffreys*, 22 F.4th 703, 712-13 (7th Cir. 2022) (injunction that defined how prison officials should address a particular problem violated the PLRA's least-intrusive-means requirement).  Plaintiff's motions are denied.

**Plaintiff's Motions for Orders (Docs. 19, 26, 27)**

Finally, Plaintiff has filed three motions seeking the Court to enter a merit review order. As this order does so, his motions are now moot.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's Motion for Leave to File Amended Complaint [7], and Motion [15] are GRANTED.

2) Plaintiff's Motion [10] is GRANTED, Plaintiff's Motions [4], [9], [13], [14], [16], [22], and [23] are denied. Plaintiff's Motion [19], [26], and [27] are DISMISSED as moot.

3) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

4) Clerk is directed to send Plaintiff a blank complaint form.

Entered this 26th day of February 2024.

                 _s/ Sara Darrow_
                 SARA DARROW
                 CHIEF U.S. DISTRICT JUDGE