UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| STEVEN C. HUGHES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-1422 |
| | ) | |
| MINDI NURSE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## **MERIT REVIEW ORDER #2**

The Court dismissed Plaintiff's original complaint with leave to amend. The matter is now before the Court for ruling on Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 30). The motion is granted.

The Court must "screen" Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff's second amended complaint appears to be raising claims related to his previous court cases and the payment of fees and an associated conspiracy "to sabotage a meritorious litigation before the Court." (Doc. 30 at 12). He alleges that a federal judge in the Northern

District of Illinois committed a "premeditated judiciary fraud" when he dismissed Plaintiff's case based on allegedly false records, and that the conspiracy continued when the case was assigned to a new judge. Plaintiff alleges issues with prison mail, facts surrounding a 1996 arrest, and that someone offered him $200,000.00 and release from prison if Plaintiff dropped a pending appeal and left the state. (Doc. 30 at 18). Plaintiff alleges several incidents of excessive force occurring at Dixon and Pontiac Correctional Centers between 2021 and 2023 (some of which he alleges were in response to his own violent or threatening acts). Plaintiff alleges that officials have obstructed his attempts to confess to a double murder that occurred in the 1990s, and that the Chicago Sun-Times refused to publish facts related to that case.

The federal rules prohibit a plaintiff from bringing multiple, unrelated claims in one lawsuit. Fed. R. Civ. P. 20; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."). Dixon Correctional Center is situated in the Northern District of Illinois, see 28 U.S.C. § 93(a), and this Court is not the proper venue to litigate any claims arising out of that prison or other locations in that district. 28 U.S.C. § 1404.

The Court understands that Plaintiff desires to confess his involvement in a double murder and threats he made against elected officials, in part because Plaintiff believes the former will bring catharsis to the victims' family. Plaintiff is free to provide information to law enforcement officials as he sees fit, but officials are not constitutionally required to investigate his claims. *Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015); *Whitlock v. Brueggemann*, 682 F.3d 567, 588 (7th Cir. 2012) ("There is no affirmative duty on police to investigate."). Prosecutors are also entitled to absolute immunity from suit for any decisions taken in their official capacities, including decisions to bring, or forego, criminal charges. *Archer*

*v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017). Plaintiff does not have a constitutional right to compel the Chicago Sun-Times to publish information he provides. *See Miami Herald Pub. Co. v. Tornillo*, 418 U.S. 241, 258 (1974).

Plaintiff could potentially state an Eighth Amendment claim for excessive force arising out of alleged events at Pontiac, but the Court cannot determine which of these claims he intends to pursue and against whom he intends to pursue them. The alleged incidents appear to be distinct events that cannot be litigated in the same lawsuit. *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) ("[D]istrict courts should not allow inmates to flout the rules for joining claims and defendants…or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint.").

The Court finds that Plaintiff fails to state a claim upon which relief can be granted and that he has improperly joined multiple, unrelated claims in the same lawsuit. Plaintiff's complaint is dismissed with leave to amend to provide Plaintiff a final opportunity to clarify his claims. Plaintiff is advised that any claims arising out of Dixon Correctional Center are not properly litigated in this district, and that he may not pursue multiple claims of excessive force in the same lawsuit.

**Plaintiff's Motion for Reconsideration and Motion to Request Counsel (Docs. 33, 64)**

Plaintiff filed a motion seeking reconsideration of the Court's denial of his previous motion to request counsel and a renewed motion to request counsel. Plaintiff's trust fund ledgers appear to indicate that he cannot currently afford counsel, though the Court notes that Plaintiff previously attempted to pay retainers to attorneys in amounts ranging from $100.00-$2,000.00. *See* (Doc. 4 at 3-5) (retainers sent in the amounts of $2,000.00, $100.00, and $1,200.00).

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff satisfied the first prong. Plaintiff has personal knowledge of the facts, he has been able to adequately communicate them to the Court, and he should be able to submit an amended complaint consistent with the Court's ruling above. At these early stages, this case does not appear overly complex, nor does it appear that it will require expert testimony. The Court finds that Plaintiff is capable of representing himself at this time. Plaintiff's motions are denied with leave to renew.

**Plaintiff's Motions for Injunctive Relief (Docs. 36, 37, 51, 58, 60, 61)**

Plaintiff filed several motions asking for injunctive relief, including orders for Dixon officials to stop interfering with his outgoing mail, to place him in protective custody or transfer him to a different prison, or to not use excessive force, and to compel the Chicago Sun-Times and police officials to accept his confession for a double murder and to have them transport Plaintiff to the scene of crime. Plaintiff also describes issues at Dixon's law library without requesting specific relief.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997); *accord Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right"). To prevail, "the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a

lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted." *Foodcomm Int'l v Barry*, 328 F.3d 300, 303 (7th Cir. 2003) (citations omitted). If the moving party meets the first three requirements, then the district court balances the relative harms that could be caused to either party. *Incredible Tech., Inc. v. Virtual Tech., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005).

The Prisoner Litigation Reform Act (PLRA) limits the scope of the court's authority to enter an injunction in the corrections context. *Westefer v. Neal,* 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer,* 682 F.3d at 683 (the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage." (internal quotation marks and citation omitted)).

The Court does not have authority to order Dixon officials to act because (1) the PLRA prevents the Court from interfering with prison administration; and (2) the relief Plaintiff seeks is not related to any potential claim he may allege in his complaint. *Rasho v. Jeffreys*, 22 F.4th 703, 712-13 (7th Cir. 2022) (injunction that defined how prison officials should address a particular problem violated the PLRA's least-intrusive-means requirement); *Pacific Radiation Oncology, LLC v. Queen's Medical Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) ("[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint."). Plaintiff also has not shown a reasonable likelihood of success on the merits or satisfied the notice requirements of Fed. R. Civ. P. 65. Plaintiff's motions are denied.

**Plaintiff's Motion (Doc. 39)**

Plaintiff's motion asks the Court to "be knowledgeable of criminal code felony statute accessory after the fact and not error to the inevitable." *Id.* The Court cannot determine the relief Plaintiff seeks. Plaintiff's motion is denied.

**Plaintiff's Motions (Doc. 41, 45, 46, 48, 56)**

Plaintiff's motion (Doc. 41) asks the Court "to turn Plaintiff in" because he has allegedly plotted the assassination of President Biden, to be carried out upon Plaintiff's release from prison. Plaintiff states in subsequent motions (Docs. 45, 48, 56) that the Court has committed a crime by not reporting his threats, and he questions the Court's ethical and moral standards in another motion (Doc. 46) as a result.

The Court is not a law enforcement agency, and it does not have authority to grant the relief Plaintiff seeks in these motions. If Plaintiff believes a crime has been committed, he should contact the appropriate law enforcement authority. Plaintiff's motions are denied.

**Plaintiff's Motion (Doc. 57)**

Plaintiff's Motion (Doc. 57) states that Dixon officials threatened to use chemical spray and that his sister will not call the White House security team to report his threats against President Biden. He does not request specific relief. The motion is denied.

**Plaintiff's Motion (Doc. 59)**

Plaintiff's Motion (Doc. 59) states that a former assistant state's attorney was arrested for threatening violence at a public event. Plaintiff seeks an explanation as to why he has not been arrested for his death threats against President Biden.

The Court is not a law enforcement or prosecuting agency, and, therefore, it does not initiate criminal charges. The Court is not privy to information regarding the U.S. Attorney's charging decisions. Plaintiff's motion is denied.

### Plaintiff's Motion (Doc. 44)

Plaintiff seeks clarification regarding why this case remains open despite the Court's dismissal of his previous complaint and as to why the Court has not yet notified the Chicago Sun-Times of this litigation. The Court dismissed Plaintiff's original complaint with leave to amend without dismissing this case in its entirety. The Court does not serve defendants in these types of cases until it finds that a viable claim exists. Plaintiff's motion is granted to the extent that he seeks this clarification and denied as to any other relief requested.

### Plaintiff's Motions (Docs. 47, 49)

Plaintiff's Motions (Docs. 47, 49) state that another inmate and a federal court have conspired to cause his death. Plaintiff alleges that the inmate is assigned as a porter in his cell block and that the inmate will poison him because he is "needed dead based on claims raise[d]" in this lawsuit. He does not request specific relief.

The Court does not have authority to direct Dixon officials to act on matters related to prison administration. Plaintiff's motions are denied. The Court will send copies of Plaintiff's motions to officials at Dixon so that they may take any appropriate action.

### Plaintiff's Motion Pursuant to Writ of Habeas Corpus (Doc. 62)

Plaintiff asks the Court to issue a personal appearance writ for purposes of arguing his pending motion before the Court. Plaintiff's motions do not require oral argument, and there are no other issues pending before the Court that require a hearing at this time. Plaintiff's motion is denied.

**Plaintiff's Motion (Doc. 63)**

Plaintiff's Motion (Doc. 63) requests a status and a copy of the docket sheet. Plaintiff's motion is granted.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File Amended Complaint [30] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion as Plaintiff's second amended complaint.**

2) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

3) **Clerk is directed to send Plaintiff a blank complaint form.**

4) **Plaintiff's Motions [33][64] are DENIED with leave to renew.**

5) **Plaintiff's Motions [36][37][39][41][44][45][46][47][48][49][51] [56][57][58][59][60][61][62] are DENIED.**

6) **Plaintiff's Motion [63] is GRANTED. Clerk is directed to send Plaintiff a courtesy copy of the docket sheet.**

7) **Clerk is directed to send copies of Plaintiff's motions [47][49] to the warden at Plaintiff's place of incarceration, along with a copy of this Order.**

Entered this 21 st day of June, 2024.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE